IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANA W. WILEY, | ) |
| Plaintiff, | ) Civil Action No. 2:23-cv-1175 |
| v. | ) |
| VINCE MCMAHON, | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the Court dismiss the Complaint filed by Plaintiff Dana W. Wiley ("Plaintiff") in accordance with the screening provisions of the Prison Litigation Reform Act ("PLRA"). It is further recommended that Plaintiff be ordered to show cause why he should not be deemed to be a vexatious litigant.

## II. REPORT

### A. Procedural History and Factual Background

*Pro se* Plaintiff Dana Wiley initiated this action against Vince McMahon, who is identified as the CEO of World Wrestling Entertainment, by filing a Complaint and a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on June 26, 2023. (ECF No. 1.) The Court granted the IFP Motion on June 30, 2023. (ECF No. 3.) The same day, Plaintiff's Complaint was docketed (ECF No. 4.)[1]

---

[1] While Plaintiff alleges that his pleading is an Amended Complaint, no previous complaint was filed in this action. Plaintiff filed a separate claim against Defendant at Civil Action 18-1207 that was dismissed with prejudice in October 2019. (ECF 26.)

In the introduction to the Complaint, Plaintiff describes his claims as follows:

> This matter concerns the Defendant…breach of contract and failure to reimburse $5,500 on the down payment hangout, what app email contract to personal fan meet World Wrestling Entertainment employee Alexia Bliss and to become a World Wrestling Entertainment employee for $70,000 a month.

ECF 4, p.1.

Plaintiff alleges that in addition to breaching a "$5,500 brand trademark agreed contract," Defendant "refuse [sic] to mail Track I," and as a result, "stole $5,500 dollar [sic] Visa debit card Wrestling employee Alexia Bliss mail to I Plaintiff, Dana Wiley...." (ECF 4 ¶ 3.) The Complaint also alleges that Plaintiff was arrested and charged with attempted homicide and "aggravate [sic] assault" in New Castle, Pennsylvania in a "conspiracy theory plot to obstruct and destroy any evidence supporting these facts that World Wrestling Entertainment employee Alexia Bliss email text to I Plaintiff hangout, what app email business accounts." (ECF 4 ¶ 4.)

Plaintiff seeks $6 million in damages for breach of contract. While the Complaint also includes citations to sections of the Copyright Act, 17 U.S.C. §§ 114 (G)(2) and 1004 and the Lanham Act, 15 U.S.C. §1114 or §1125, it does not identify any copyright or trademark that is at issue.

### B. Standard of Review

Under the PLRA, courts are required to screen complaints brought by prisoners in all *in forma pauperis* cases and to dismiss cases that are frivolous or fail to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2), 1915A; and 42 U.S.C. § 1997e(c)(1); *see also Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002). "[A] complaint…is frivolous where it lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). In

determining whether the factual assertions are clearly baseless, and the complaint is therefore frivolous, a court may pierce the veil of the complaint and need not accept its allegations as true. *See Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

The legal standard under these statutes for dismissing a complaint for failure to state a claim is identical to the legal standard used when ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999); *see also D'Agostino v. CECOM RDEC,* 436 Fed. App'x 70, 72-73 (3d Cir. 2011).

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint, including one filed by a pro se litigant, must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 570). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal,* 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679.

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick,* 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.

### C. Discussion

1. Plaintiff's Claims are Not Plausible

Plaintiff's allegations are both incredible and improbable. Plaintiff is currently incarcerated at SCI Forest. While he claims to have an enforceable contract with Defendant, he does not state when the purported contract at issue was made. Moreover, any claim that he was offered an employment contract for $70,000 per month is implausible whether or not he was incarcerated when a contract with Defendant was allegedly formed. Given Plaintiff's criminal background, a matter of public record and of which the Court takes judicial notice[2], any suggestion that he would be paid at a yearly salary of $840,000 is far-fetched at best.

The terms of the rest of the alleged contract are, simply put, indecipherable. It is impossible to determine the nature of a contract described as a "hangout, what app email contract" to meet Alexia Bliss, a WWE employee. Further, while not identified as a separate claim, any assertion that the CEO of WWE conspired to have Plaintiff arrested for attempted homicide and aggravated assault in New Castle, Pennsylvania in order to destroy evidence about the purported contract is patently frivolous.

The Supreme Court has repeatedly held that "the federal courts are without power to entertain

---

[2] Plaintiff was sentenced to a five to twenty-year term for armed robbery on May 1, 1995. *See* Civil Action 18-1207, ECF No. 13, at 1-2.

4

claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit'; 'wholly insubstantial'; 'obviously frivolous'; 'plainly unsubstantial'; or 'no longer open to discussion.'" *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations omitted). *See also Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307-08 (1989) (noting that a federal statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *DeGrazia v. F.B.I.*, 316 F. App'x. 172 (3d Cir. 2009).

Even if Plaintiff's claims were not frivolous, they are still subject to dismissal. First, although Plaintiff appears to rely on the Copyright Act and the Lanham Act as the basis for subject matter jurisdiction (ECF 4 ¶ 1), he does not identify any copyright or trademark at issue or state a claim under either statute. Similarly, while he also references the Fifth Amendment as a basis for subject matter jurisdiction, he does not assert any facts that could support a Fifth Amendment claim. As a review of the Complaint demonstrates, he is asserting a breach of contract claim only, and as stated in his conclusion, is seeking damages only for breach of contract.

Thus, there is no federal question that has been asserted here, and therefore, no basis for subject matter jurisdiction based on 28 U.S.C. § 1331. Nor does the Complaint plead any facts that suggest that diversity of citizenship exists as Defendant's state of residence is not identified. Absent Plaintiff's implausible allegation about a promise of a $70,000 per month employment contract, the only amount in dispute is $5,500. This does not meet the $75,000 threshold required for jurisdiction under 28 U.S. C. § 1332. Consequently, there is no basis for subject matter jurisdiction of Plaintiff's breach of contract claim, even if a plausible, intelligible, and rational one had been pleaded.

For all of these reasons, Plaintiff's Complaint should be dismissed.

### 2. Futility of Amendment

Generally, district courts must allow a plaintiff leave to amend a deficient complaint before dismissal unless doing so would be futile. *See Grayson,* 293 F.3d at 108. Given the implausible and incredible nature of the claims asserted in the Complaint, further amendment would be futile. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."); *see also* 3 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 15.15 (3d ed. 2023) ("An amendment is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss."). Therefore, the Complaint should be dismissed with prejudice.

### 3. Plaintiff Should Be Ordered to Show Cause Why He Should Not Be Deemed to be a Vexatious Litigant

Plaintiff has been warned that continuing to file meritless lawsuits in this District may result in a finding that he is a vexatious litigant. *See Wiley v. U.S. Gov't, et al.,* Civ. A. No. 2:22-cv-707 at p. 7 (W.D. Pa. May 25, 2022) (warning was issued after the court dismissed Wiley's complaint for alleged false arrest, false imprisonment, and denial of due process as difficult to decipher and because some claims had been previously dismissed in earlier filed cases). Indeed, going back as far as 1996, Plaintiff has filed at least ten cases in this District and other United States District Courts in Pennsylvania and the District of Columbia in which he asserted claims against a myriad of public officials, private citizens, record companies, and recording artists. Most of these cases were dismissed at a preliminary stage of litigation either because Plaintiff's allegations were implausible, frivolous, fantastical and delusional, failed to state a claim or

violated the three strikes rule in 28 U.S.C. § 1915(g).[3] *See Dana W. Wiley v. State of Pennsylvania, et al.,* Civ. A. No. 3:98-cv-220 (W.D. Pa. Jan. 5, 1999) (claims dismissed as frivolous); *Dana Wiley v. United States, et al.,* Civ. A. No. 1:99-cv-02688 (D.D.C. Nov. 30, 1999) (claims dismissed as frivolous); *Dana Wiley v. Knight, et al.,* Civ. A. No. 1:05-cv-00535 (M.D. Pa. April 4, 2005) (claims dismissed for failing to state a claim); *Wiley v. Shannon, et al.,* Civ. A. No. 1:05-cv-01028 (M.D. Pa., July 27, 2005) (claims dismissed for failing to state a claim); *Wiley v. Super. Shannon, et al.,* Civ. A. No. 1:05-cv-02572 (M.D. Pa. Dec. 29, 2005) (claims dismissed for violating the three-strikes rule); *Dana W. Wiley v. Superintendent Folino, et al.,* Civ. A. No. 2:06-cv-00054 (W.D. Pa. Feb. 6, 2006) (claims dismissed for violating the three-strikes rule); *Dana W. Wiley v. Vince McMahon, World Wrestling Chairman CEO, et al.,* Civ. A. No. 2:18-cv-1207 (W.D. Pa. Oct. 22, 2019) (claims dismissed as implausible); *Dana W. Wiley v. Jackson,* Civ. A. No. 2:19-cv-863, 2019 WL 4860664, at *2 (W.D. Pa. Oct. 2, 2019) (claims dismissed as fantastical and delusional); and *Dana W. Wiley v. U.S. Gov't, et al.,* Civ. A. No. 2:22-cv-149 (W.D. Pa. Feb. 19, 2022) (claims dismissed as indecipherable and fantastical).

Since the issuance of an order in *Wiley v. U.S. Gov't, et al.,* Civ. A. No. 2:22-cv-707 (W.D. Pa. May 25, 2022) warning Plaintiff that a show cause order may be issued as to why he should not be considered a vexatious litigant, Plaintiff has nonetheless filed two more actions in this District:  the current lawsuit as well as a case alleging 42 U.S.C. §1983 violations against two police officers and two police departments.  As to the latter, defendants' motion for summary

---

[3] 28 U.S.C. § 1915(g) provides:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

judgment is pending. *See Dana W. Wiley v. Union Police Officer "Petro" et al.,* Civ. A. No. 2:22-cv-999 (W.D. Pa. July 8, 2022).

The Court of Appeals for the Third Circuit "has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989) (citing *Gagliardi v. McWilliams,* 834 F.2d 81 (3d Cir. 1987); *see also In re Oliver,* 682 F.2d 443 (3d Cir. 1982)). While a court's order limiting future filing should be narrowly applied to only those matters about which a particular petitioner or plaintiff files repeatedly, "a district court has authority to require permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." (*Id.*)

Plaintiff has an extensive history of filing frivolous, incredible, and meritless claims despite the issuance of a court order warning him that a continued pattern of doing so may result in a determination that he is a vexatious litigant. Plaintiff's filings, which date back to 1996, transcend any particular dispute and relate to many wrongs that he has purportedly experienced. All but one of his complaints were dismissed by the court at a preliminary stage because they were either frivolous or without merit.

Accordingly, it is respectfully recommended that the Court order Plaintiff to show cause why he should not be deemed to be a vexatious litigant. *See Chipps*, 883 F.2d at 73.

### D. **Conclusion**

Therefore, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice under the screening provisions of the PLRA and that Plaintiff be ordered to show cause why he should not be deemed to be a vexatious litigant.

    **E.** **Notice**

  In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(l), and Fed. R. Civ. P. 72(b)(2), parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections has fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated December 13, 2023         /s/ Patricia L Dodge
                    PATRICIA L. DODGE
                    United States Magistrate Judge


Service by regular U.S. mail upon:

Dana W. Wiley
CT9123
SCI Forest
P.O. Box 945
286 Woodland Drive
Marienville, PA 16239